UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Naijuwuan S. Chisolm,<br><br>Petitioner,<br><br>v.<br><br>Warden of Ridgeland Correctional Institution,<br><br>Respondent. | Civil Action No. 1:25-cv-11722-JD<br><br>ORDER AND OPINION |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 52.) The Report recommends granting Respondent's Motion for Summary Judgment (DE 41) and denying Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. (DE 52 at 1, 21.)

Petitioner, proceeding *pro se*, filed no document styled as objections to the Report, but he filed several post-Report motions. (DE 54; DE 55; DE 58.) For the reasons below, the Court adopts the Report as modified and supplemented by this Order, grants Respondent's Motion for Summary Judgment, denies the Petition, and denies Petitioner's pending motions.

## A. Background

Petitioner is serving an aggregate forty-five-year sentence following his 2017 Jasper County convictions for murder and possession of a weapon during the commission of a violent crime. (DE 52 at 2.) A jury convicted Petitioner after a trial

before the Honorable Perry M. Buckner III, and the trial court sentenced him to forty years for murder and a consecutive five years for the weapons offense. *Id.*

Petitioner pursued a direct appeal. Appellate counsel filed an *Anders* brief challenging the admission of three text messages. Petitioner filed a *pro se* response raising several other issues, including counsel's alleged failure to obtain complete discovery, evidentiary errors, the absence of gunshot-residue testing, inconsistencies in witness statements, and a contention that a witness identified the shooter by a different name. *Id.* at 2–3. The South Carolina Court of Appeals dismissed the appeal and issued the remittitur in November 2019. *Id.* at 3.

Petitioner then sought post-conviction relief ("PCR"). Although his initial application asserted a sentencing-related claim, he abandoned it at the PCR hearing, where counsel instead pursued claims that trial counsel inadequately investigated the case or sought plea offers and that counsel should have requested a circumstantial-evidence instruction under *State v. Logan*, 747 S.E.2d 444 (S.C. 2013). (DE 52 at 3–4.) The PCR court denied relief. *Id.* at 4.

On PCR appeal, appointed counsel filed a petition under *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), asserting that the PCR court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to request a *Logan* charge. (DE 52 at 4.) Petitioner filed a *pro se* response addressing the PCR court's alleged failure to make findings of fact and conclusions of law. *Id.* at 4–5. The Court of Appeals denied certiorari, and the remittitur was issued in July 2025. *Id.* at 5.

Petitioner thereafter filed the present § 2254 Petition. The Petition raises four ineffective-assistance claims:

1. trial counsel failed to introduce the prior voluntary statements of eyewitness Jesneisha Houston;

2. trial counsel failed to cross-examine Houston effectively;

3. trial counsel failed to exclude text-message evidence; and

4. trial counsel failed to request a *Logan* circumstantial-evidence charge.

(DE 52 at 5–6.)

Respondent moved for summary judgment. (DE 41.) After full briefing, the Magistrate Judge issued the Report presently before the Court. (DE 52.)

**B. Report and Recommendation**

The Report first addresses exhaustion and procedural default. It concludes that Ground Four—the *Logan*-charge claim—was preserved because it was presented to and resolved by the PCR court and then carried forward as the issue presented in the *Johnson* petition. (DE 52 at 15–16.) By contrast, Grounds One and Three were not presented as bases for relief to the PCR court or Court of Appeals, and Ground Two, although addressed in the PCR proceeding, was not pursued in either the *Johnson* petition or Petitioner's *pro se* PCR appellate filing. *Id.* Accordingly, the Report concludes that Grounds One, Two, and Three are procedurally defaulted. *Id.* at 16.

The Report nevertheless addresses each defaulted claim alternatively on its merits. *Id.*

As to **Ground One**, the Report concludes that Petitioner fails to identify what material information in Houston's prior statements needed to be introduced as exhibits or how admission of the statements themselves would have altered counsel's examination or the outcome of trial. (DE 52 at 16–17.) The Report notes that counsel was able to use inconsistencies between Houston's statements and testimony during cross-examination and that Petitioner fails to explain what additional evidentiary benefit formal admission of the statements would have supplied. *Id.* at 16–17. It, therefore, recommends summary judgment for Respondent on Ground One. *Id.* at 17.

As to **Ground Two**, the Report examines the PCR court's findings concerning counsel's cross-examination of Houston. (DE 52 at 17–18.) The PCR court credited trial counsel's testimony that the specific additional cross-examination requested by Petitioner concerned Houston's use of "Naiki" rather than "Naiji," but found that Houston testified she had known Petitioner since middle school and knew him by several similar nicknames. *Id.* at 18. The PCR court also found that counsel's cross-examination was reasonable and that additional questioning concerning the nickname would not reasonably have changed the result. *Id.* The Report concludes that Petitioner fails to establish a basis for relief under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") deferential standard and recommends summary judgment on Ground Two. *Id.*

As to **Ground Three**, the Report finds that the record directly contradicts Petitioner's allegation that counsel failed to challenge the text messages. Trial counsel objected to their admission, arguing hearsay and questioning whether the

evidence established the sender's identity; the trial court initially excluded the messages on Confrontation Clause grounds, then reconsidered the issue after additional research and admitted them the following morning. (DE 52 at 19.) The Report, therefore, concludes that counsel took appropriate steps to contest the evidence and recommends summary judgment on Ground Three. *Id.* at 19–20.

Finally, as to **Ground Four**, the Report reviews the PCR court's resolution of the preserved *Logan*-charge claim. (DE 52 at 20–21.) Trial counsel testified during PCR that he was familiar with *Logan* but preferred Judge Buckner's circumstantial-evidence charge because he believed its "flow" better conveyed what he wanted the jury to hear. *Id.* at 20. The PCR court found that explanation constituted a valid strategic reason, that the charge actually given substantially and adequately covered the law, and that Petitioner failed to demonstrate prejudice. *Id.* The PCR court emphasized that the State's case was not purely circumstantial because Houston testified that she knew Petitioner and personally saw him shoot the victim. *Id.* at 20–21. The Report recommends summary judgment on Ground Four as well. *Id.* at 21.

The Report, therefore, recommends that Respondent's Motion for Summary Judgment be granted. (DE 52 at 21.) The Report's reference in its concluding sentence to "ECF No. 40" is plainly clerical: DE 40 is Respondent's Return and Memorandum, while the summary-judgment motion itself is DE 41. The Court refers to DE 41 throughout this Order.

## C. Legal Standard

### 1. Review of the Report

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court reviews de novo any portion of the Report to which a specific objection is made. Absent a timely specific objection, however, the Court need only "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Elijah v. Dunbar* explains that specificity, not novelty, controls. 66 F.4th 454, 460–61 (4th Cir. 2023). An objection must identify the challenged finding or recommendation "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," and pro se objections must be liberally construed so that de novo review is afforded to "any articulated grounds to which the litigant appears to take issue." *Id.* at 460–61 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). But a general objection does not suffice: district courts "are not expected to relitigate entire cases to determine the basis of a litigant's objection," and clear-error review applies where a litigant "objects only generally." *Id.* at 460.

### 2. Federal Habeas Review

Under AEDPA, when a state court has adjudicated a claim on the merits, federal habeas relief is available only if the adjudication was contrary to, or involved

an unreasonable application of, clearly established Supreme Court law, or rested on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). This standard requires more than error: relief is precluded so long as "fairminded jurists could disagree" with the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner's claims arise under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires deficient performance and prejudice. *Id.* at 687. Counsel's performance receives a "strong presumption" of reasonableness, *id.* at 689, and prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. When *Strickland* and § 2254(d) apply together, review is "doubly" deferential; the question is whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

**D. Discussion**

**1. Petitioner's Post-Report Filings**

The Report was entered on April 24, 2026, and the Clerk mailed a copy that same day to Petitioner at his address of record. (DE 52; DE 53.) The docket established May 8, 2026, as the objection deadline. Petitioner filed DE 54 and DE 55 on May 4, within the objection period. The Court therefore considers their substance rather than their captions. *See Elijah*, 66 F.4th at 460–61.

DE 54 argues principally that the Petition is timely, satisfies § 2254(b)(1)(A), and has not been "proven to be frivolous or without merit"; DE 55 asserts that the

Report "does not prove" the Petition meritless and asks the Court to consolidate Petitioner's pro se filings. (DE 54; DE 55.) Neither filing identifies a particular finding or recommendation in DE 52 or articulates a factual or legal error in the Report's treatment of any habeas ground. Thus, unlike the specific objections at issue in *Elijah*, these filings convey only generalized disagreement with the recommended disposition and do not "reasonably . . . alert the district court of the true ground for the objection." 66 F.4th at 460.

DE 58, filed after the objection period, requests notice of the Report and consolidation of Petitioner's filings but identifies no substantive error. (DE 58.) The docket reflects that the Clerk mailed the Report to Petitioner on April 24, 2026 (DE 53), and DE 55 itself refers to the Report. DE 58 therefore provides no basis to reopen or extend the objection period and does not trigger de novo review.

Accordingly, after liberally construing DE 54, DE 55, and DE 58, the Court concludes that no specific objection has been made and reviews the Report for clear error. *Diamond*, 416 F.3d at 315.

**2. Clear-Error Review**

The Court has reviewed the Report, the parties' underlying summary-judgment submissions, the state-court record, and Petitioner's post-Report filings. The Court finds no clear error affecting the Report's recommended disposition.

**a. Grounds One, Two, and Three — Procedural Default**

The Report correctly identifies the state proceedings in which Petitioner presented his claims. Grounds One and Three were not presented to the PCR court

and then carried through the PCR appellate process; Ground Two was litigated during PCR but was not presented as a basis for appellate relief in either the *Johnson* petition or Petitioner's pro se response. (DE 52 at 15–16.) Ground Four, by contrast, was both adjudicated by the PCR court and expressly raised on PCR appeal. *Id.*

To exhaust a federal claim, a petitioner must fairly present its operative facts and federal legal basis through the State's required review process. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (explaining that "both the operative facts and the controlling legal principles must be presented to the state court"). A claim that can no longer be presented in state court is procedurally defaulted unless the petitioner establishes cause and prejudice or the narrow fundamental-miscarriage-of-justice exception. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).

Petitioner's summary-judgment response did not specifically dispute Respondent's procedural-default showing. (DE 52 at 15.) His post-Report filings likewise do not identify the cause of the defaults, the resulting prejudice, or facts showing that failing to review the defaulted claims would result in a fundamental miscarriage of justice. The Court therefore finds no clear error in the Report's conclusion that Grounds One through Three are procedurally defaulted.

The Report nevertheless addressed those claims alternatively on their merits, and the Court finds no clear error in those alternative conclusions either.

For Ground One, Petitioner has not identified material evidence contained in Houston's statements that the jury failed to hear because the statements themselves

were not introduced as exhibits. Counsel used inconsistencies in the statements during cross-examination, and Petitioner has not shown a reasonable probability that formally introducing the statements would have changed the result. (DE 52 at 16–17.)

For Ground Two, the PCR court credited counsel's testimony concerning the requested nickname-related cross-examination and concluded that additional questioning on that subject would not reasonably have changed the verdict, particularly because Houston knew Petitioner personally and testified to several names by which she knew him. (DE 52 at 17–18.) Petitioner identifies no basis for concluding that the state court's resolution satisfies § 2254(d)'s demanding standard for federal relief.

For Ground Three, the trial record defeats the premise of the claim. Counsel did not fail to challenge the text-message evidence. He objected to it, advanced multiple grounds for exclusion, and initially persuaded the trial court to exclude it before the court reconsidered the legal issue and admitted the evidence. (DE 52 at 19.) The Court therefore finds no clear error in the conclusion that Petitioner cannot establish deficient performance on the theory pleaded.

The Report also notes that the text-message issue was raised on direct appeal through the *Anders* brief. (DE 52 at 19.) The Court need not treat the appellate disposition as an independent merits adjudication of every evidentiary or ineffective-assistance theory. The trial record itself defeats Ground Three's premise: counsel actively contested admission of the messages, and Petitioner identifies neither an

additional argument objectively reasonable counsel should have made nor resulting prejudice. The Court adopts the Report's recommended disposition on that narrower basis.

**b. Ground Four — Failure to Request a *Logan* Charge**

Ground Four requires AEDPA review because the PCR court adjudicated the ineffective-assistance claim on its merits and the claim was preserved through PCR appellate review. (DE 52 at 15–16, 20–21.)

The PCR court credited counsel's testimony that he knew of the *Logan* instruction but made a deliberate choice not to request it because he preferred Judge Buckner's circumstantial-evidence charge and believed its flow better served the defense. (DE 52 at 20.) The PCR court also found that the charge actually given substantially and adequately stated the applicable law and that Petitioner failed to establish prejudice because the State's case included direct evidence: Houston testified that she knew Petitioner and saw him shoot the victim. *Id.* at 20–21.

The Court adopts the Report's recommended disposition but clarifies the governing inquiry. Under § 2254(d), Petitioner must show that the state court's rejection of this *Strickland* claim was contrary to or involved an unreasonable application of clearly established Supreme Court law, or rested on an unreasonable determination of the facts. He has not done so.

Counsel's explanation reflects a strategic choice concerning the formulation and presentation of the jury instructions. Under *Richter*, the question is not whether this Court would have made the same choice, but whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard." 562 U.S. at 105. Given the charge as a whole and Houston's direct eyewitness testimony, Petitioner has not shown that the PCR court unreasonably applied *Strickland* or unreasonably determined the facts. At minimum, "fairminded jurists could disagree" with Petitioner's contrary position. *Id.* at 101. Ground Four does not warrant federal habeas relief.

**3. Petitioner's Pending Motions**

DE 54 and DE 55 also fail as independent motions for judgment. Petitioner principally reasons that because the Petition is timely and his claims have not been affirmatively "proven" frivolous, he is entitled to judgment. But Respondent conceded timeliness (DE 52 at 15), and timeliness merely permits consideration of the Petition; it does not establish entitlement to habeas relief.

Nor does the absence of a frivolousness finding satisfy Petitioner's substantive burden. Grounds One through Three are procedurally defaulted, and Ground Four fails under § 2254(d) and *Strickland*. Petitioner's post-Report filings identify no evidence or authority altering those conclusions. DE 54 and DE 55 are, therefore, denied.

DE 58 asks, among other things, that Respondent be directed to notify Petitioner of the Report. As noted, the Clerk mailed the Report to Petitioner on April 24, 2026. (DE 53.) The request is, therefore, moot. To the extent DE 58 seeks consolidation of Petitioner's filings or other substantive relief, it identifies no legal or factual basis warranting such relief and is denied.

## E. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where relief is denied on the merits, a petitioner satisfies that standard only by demonstrating that reasonable jurists could find the Court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief rests on a procedural ruling, the petitioner must also show that reasonable jurists would find the procedural ruling debatable. *See id.*

Petitioner has not made the required showing. Reasonable jurists would not debate the procedural disposition of Grounds One through Three on this record, nor would they debate that Ground Four fails to overcome the demanding deference required by § 2254(d) and *Strickland*. The Court, therefore, **DENIES** a certificate of appealability.

## F. Conclusion

For these reasons, the Court **ADOPTS** the Report and Recommendation (DE 52) as modified and supplemented by this Order.

Accordingly:

1. Respondent's Motion for Summary Judgment (DE 41) is **GRANTED**;
2. Petitioner's Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**;
3. Petitioner's Motion to Request Legal Matter with Affidavit (DE 54) is **DENIED**;

4. Petitioner's Motion to Manage Legal Matters with Affidavit (DE 55) is **DENIED**;

5. Petitioner's Motion to Claim, Request and Consolidate Legal Things with Affidavit (DE 58) is **DENIED**, including as moot to the extent it requests notice of the Report; and

6. A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Joseph Dawson III

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 20, 2026